```
 1 | PHILLIP A. TALBERT
   | United States Attorney
 2 | CHRISTOPHER D. BAKER
   | Assistant United States Attorney
 3 | 2500 Tulare Street, Suite 4401
   | Fresno, CA 93721
 4 | Telephone: (559) 497-4000
   | Facsimile: (559) 497-4099
 5 |
 6 | Attorneys for Plaintiff
   | United States of America
```




SEALED    FILED
DEC 12 2017
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH FACEBOOK USER ID 1213504687 (aka "everittj") THAT IS STORED AT PREMISES CONTROLLED BY FACEBOOK | CASE NO. 1:17 SW 00378 BAM<br><br>APPLICATION FOR ORDER COMMANDING FACEBOOK NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF WARRANT |
|---|---|

The United States requests that the Court issue an order directing Facebook not to notify any person (including the subscribers and customers of the accounts listed in the warrant) of the existence of the search warrant for 180 days.

Facebook is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached warrant, which requires Facebook to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached warrant relates to an ongoing criminal investigation, portions of which are neither public nor known to all of the targets of the

investigation, and its disclosure may alert the targets to the ongoing investigation. As set forth in the affidavit in support of the application for search warrant, the target appears to use Facebook principally to discuss and coordinate his criminal activities and disclosure of the fact he is the subject of a criminal investigation could materially undermine law enforcement's ability to monitor his activities. Accordingly, there is reason to believe that notification of the existence of the attached warrant will seriously jeopardize the investigation, including by giving targets an opportunity to destroy or tamper with evidence, or flee. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Facebook not to disclose the existence or content of the attached warrant for 180 days, except that Facebook may disclose the attached warrant to an attorney for Facebook for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated: December 11, 2017     PHILLIP A. TALBERT
                             United States Attorney

                             By: /s/ Christopher D. Baker
                                 Christopher D. Baker
                                 Assistant United States Attorney